BOKULICH ET AL. *v.* JURY COMMISSION OF
GREENE COUNTY ET AL.

No. 1255, Misc. Decided March 3, 1969.

*Morton Stavis, Arthur Kinoy, William M. Kunstler, Donald A. Jelinek,* and *Alvin Bronstein* for appellants.

*MacDonald Gallion,* Attorney General of Alabama, and *Robert P. Bradley,* Assistant Attorney General, for appellees.

PER CURIAM.

The motion of the appellants for leave to proceed *in forma pauperis* is granted.

Appellants, civil rights workers, were arrested on charges of grand larceny. Together with other persons who are not parties to this appeal, the appellants were plaintiffs in this suit before a three-judge court. The complaint charged that Negroes had been systematically excluded from the grand and petit juries in Greene County and that the all-white county jury commission was unconstitutionally constituted. It sought declaratory and injunctive relief against continued discrimination in the selection of juries, against statutes that

allegedly authorized the discrimination, and against the State Governor's practice of selecting only white jury commissioners for Greene County. The appellants sought also an injunction to prevent the grand jury of Greene County from considering the criminal charges against them.

The District Court held that Negroes had been systematically and purposely excluded from the jury rolls of Greene County, Alabama, and that this discriminatory exclusion violated the appellants' rights to equal protection and due process. It issued an injunction against discriminatory exclusion of Negroes from jury service in Greene County, and it ordered the appellees to take prompt action to compile a jury list on a nondiscriminatory basis. The court refused, however, to prevent the grand jury from considering the criminal charges against the appellants. This appeal presents only the issue whether the District Court erred in so ruling.[1]

We hold that the District Court did not abuse its discretion. The District Court was warranted in assuming that the constitutional defects of which the appellants complained might be promptly remedied by compliance with its order that juries be reconstituted on a nondiscriminatory basis. If they were not, and if the appellants were in fact indicted, the appellants could raise any objection to the composition of the jury as a defense to their prosecutions. In these circumstances the court could properly conclude that this was not one of "those exceptional cases which call for the interposition of a

---

[1] In No. 908 the plaintiffs in the court below other than the appellants in the present case appeal from the District Court's determinations that the challenged Alabama statutes are not unconstitutional and that the Greene County jury commission was not proved to have been illegally constituted. We have today noted probable jurisdiction of that appeal. 393 U. S. 1115.

court of equity to prevent irreparable injury which is clear and imminent." *Douglas* v. *Jeannette,* 319 U. S. 157, 163 (1943).[2] Accordingly, we affirm that part of the District Court's judgment that denied an injunction preventing the Greene County grand jury from considering criminal charges against the appellants.

---

[2] We do not reach the issue whether 28 U. S. C. § 2283 would bar the injunction sought even if irreparable injury had been shown. Cf. *Dombrowski* v. *Pfister,* 380 U. S. 479, 484, n. 2 (1965).