JACK ALLEN BARBER *v.* STATE OF ARKANSAS

5465                              450 S. W. 2d 291

Opinion delivered February 9, 1970

[Rehearing denied March 9, 1970.]

*Shaw, Jones & Shaw* and *Dailey & Woods,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Asst. Attys. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Jack Allen Barber[1] was apprehended by officers on February 13, 1969, in the Town & Country Liquor Store in Fort Smith, while tying up two women employees. He was charged by informations with the crimes of grand larceny, robbery and assault with intent to kill. At trial the charge of robbery was reduced to assault with intent to rob and he was tried on that charge only. In accordance with the jury verdict, he was sentenced to five years in the penitentiary for assault with intent to rob. For reversal he relies upon the following points:

"I. That the trial court had no jurisdiction to dispose of defendant's motion on July 3, 1969, while the matter was removed to the United States District Court.

II. The trial court erred in granting the State a continuance in case No. 1325 and in case No. 1327. That the continuance granted the State violates the speedy trial provision of the sixth amendment to the United States Constitution.

III. The trial court erred in refusing to grant the defendant a preliminary hearing as provided by the law of Arkansas and the Constitution of the United States ol America. That the manner in which the Arkansas preliminary hearing statute is applied in the Arkansas trial courts and as applied in this case violates the due process clause of the Arkansas Constitution and the due process and equal protection clauses of the United States Constitution.

IV. That the trial court erred in refusing to grant a change of venue.

V. That the trial court erred in denying the appellant's motion to make available funds to employ

---

[1]This is the same Jack Allen Barber referred to in *Barber* v. *Page,* 90 U. S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968)—there the United States Supreme Court reversed a robbery conviction from the State of Oklahoma.

one medical expert of appellant's own choosing to develop appellant's defense of insanity."

POINT I. The record shows that on February 14, 1969, appellant Barber, with his two co-defendants, was arraigned before the Honorable Paul Wolfe, Circuit Judge, and in the presence of his retained counsel, Mr. Jack Rose, entered a plea of not guilty to all three counts then pending against him. On March 24th Mr. Rose, upon the request of Barber, was permitted to withdraw as counsel for Barber. At the same time Barber filed a number of motions, which he had prepared himself, attacking the qualifications of Judge Wolfe to preside at his trial, requesting that the informations be quashed because no preliminary hearing had been held, for a change of venue, and for reduction of bail. Because of the suggestion of disqualification of the regularly elected trial judge, the Chief Justice appointed the Honorable Carl Creekmore to preside in the case. Thereafter Judge Creekmore held a number of hearings for the purpose of appointing counsel, releasing counsel upon appellant's request and finally for determining whether Judge Wolfe was disqualified to act in the case. Following a hearing on June 16th, Judge Creekmore decided that Judge Wolfe was not disqualified. Appellant on June 19th filed a petition to remove his prosecution to the Federal District Court.

Some time between June 16th and July 3rd Judge Wolfe resumed his duties of hearing appellant's case. On July 3rd, at the request of appellant, Judge Wolfe held a hearing on appellant's motions for a preliminary hearing, to quash the information and for a change of venue. At the beginning of the hearing the court let the record show why he re-entered the case and after so doing, asked counsel for appellant which motions they wanted to take up and in what order. At that point the following occurred:

"Mr. Core:  Your Honor, Mr. Ledbetter has an objection he wants to make, and, if I may, I'll respond to what you just said about those witnesses.

The Court:   All right.

Mr. Ledbetter:  If the Court please, Mr. Barber requests that we state this into the record for him. The defendant has asked me to object to the Court's jurisdiction in these proceedings on the ground that the Court has not ruled on his motion to quash, and because of this and other civil, constitutional reasons this Court lacks jurisdiction to proceed in this matter."

During an examination of Miss Louise Patten, the Chief Deputy Circuit Clerk, about what the trial court record contained, the following occurred:

"The Court:   I want to ask one question. What is that last document you referred to, Mr. Ledbetter?

Mr. Ledbetter:   My notice filed on June 19th.

The Court:   May I see that? Mr. Ledbetter, I'm looking here at what I believe purports to be this motion. Would you mind coming up and identifying it for me. I'm speaking of the petition filed in the United States District Court.

Mr. Ledbetter:   Yes, sir, that's the document and there's the notice that was filed.

The Court:   You're telling me that this is a true and correct copy of the petition filed in the United States District Court for the Western District of Arkansas on behalf of Mr. Barber pertaining to the cases now before the Court?

Mr. Ledbetter:   Yes, sir.

The Court:   The cases here.

Mr. Ledbetter:   An exact copy.

The Court:   And that this document, this pleading

here, is also before the Court at this time, Mr. Ledbetter?

Mr. Ledbetter: No, sir, it's not.

The Court: It's part of the record, isn't it, before the Court?

Mr. Ledbetter: It's part of the record in that sense, yes, sir.

The Court: All right, sir, thank you. Anything else of Miss Patton?
(Witness is excused.)

Mr. Ledbetter: If the Court please, in support of our motion, we don't intend to introduce any more testimonial evidence, but we would like to make an argument on it.

The Court: Mr. Barber, I'm asking you personally, do you have anything else that you wish to offer on behalf of this motion for a preliminary hearing?

Mr. Barber: Your Honor, I would like only to reiterate my objection that Mr. Ledbetter read in the record a few moments ago about jurisdiction of the court.

The Court: At the start of the proceeding?

Mr. Barber: Yes, sir.

The Court: That this Court has no jurisdiction?

Mr. Barber: Yes, sir.

The Court: You want the motion to quash ruled on?

Mr. Barber: Yes, sir."

On September 16th, before commencement of testimony in appellant's trial, the following occurred:

> "Mr. Ledbetter: I have one other motion—we'd like to renew all motions that we had that were denied while the case was on removal to the federal court for the reason that we feel that at the time the court passed on them the court didn't have jurisdiction.
>
> The Court: Those motions will also be denied. (Barside discussion concluded)"

We find no merit in appellant's contention that the trial court had no jurisdiction to dispose of defendant's motion on July 3rd, 1969, while the matter was removed to the federal district court. It appears to us from the record that the hearing was held at petitioner's request and for his benefit—*i. e.,* he insisted that he wanted the motions heard even after the trial court became aware of the removal petition. Further, the record conclusively shows that the motions were again made at appellant's trial on September 16th following the August 6th remand from the district court and the trial court certainly had jurisdiction at that time to deny the motions.

POINT II. Appellant here not only argues that the trial court erred granting the State a continuance in cases No. 1325 and No. 1327, the larceny and intent to kill informations, but also that he was denied a speedy trial and that the trial of the other two offenses would constitute double jeopardy. We find no merit in any of the contentions. The record shows that appellant was tried only on assault with intent to rob. The other two informations were passed until a new jury would be impanelled the following month to prevent appellant being tried on the separate charges by the same jurors.

POINT III. Appellant here contends that he was

entitled to have a preliminary hearing before the information could be filed by the prosecuting attorney. We find this without merit, see *Moore* v. *State*, 229 Ark. 335, 315 S. W. 2d 907 (1958). Further, the record here shows that when appellant raised the issue he was offered a preliminary hearing, which he declined for fear the State was attempting to cure the point he was raising.

POINT IV. We find no merit in appellant's contention that the trial court erred in refusing to grant a change of venue. His petition for a change of venue was not supported by affidavits as required by law and appellant refused to obtain the affidavits when offered an opportunity to do so by any agent of his choosing. Further, notwithstanding the appellant's failure to support his motion by the proper affidavits, the trial court held a hearing. A preponderance of the evidence presented at this hearing shows that there was no prejudice against appellant.

POINT V. Appellant here complains that the trial court should have made available funds to employ a medical expert of appellant's own choosing to develop his defense of insanity. When appellant filed this motion, the court appointed two local physicians, pursuant to Ark. Stat. Ann. § 43-1304 (Repl. 1964), to determine whether appellant exhibited sufficient indicia of insanity to warrant his transfer to the state hospital for examination.

We find no merit to appellant's contention that he was entitled at state expense to select a Houston, Texas, doctor to examine him on the issue of insanity. First, our statutes only provide for a mental examination at the state hospital. Next, the record shows that two competent local physicians could not find enough indicia of insanity to warrant their recommending that the trial court transfer appellant to the state hospital for examination.

Affirmed.