**Richard D. ZELECHOWER, M.D., et al., Plaintiffs-Appellants,**

v.

**Evelle J. YOUNGER, etc., et al., Defendants-Appellees.**

**No. 23331.**

United States Court of Appeals, Ninth Circuit.

Jan. 28, 1970.

As Modified Feb. 27, 1970.

Rehearing Denied March 11, 1970.

Peter D. Bogart (argued), Los Angeles, Cal., for plaintiffs-appellants.

William V. Ballough (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Leonard D. Black (argued), Deputy County Counsel, Lawrence L. Hoffman, Deputy County Counsel, Harold W. Kennedy, County Counsel, Los Angeles, Cal., for defendants-appellees.

Before BARNES, KOELSCH and KILKENNY, Circuit Judges.

BARNES, Circuit Judge.

Appellants sought damages, declaratory and injunctive relief in the district court alleging the unconstitutionality of several California statutes governing grand jury selection and violation of the Civil Rights Act. (42 U.S.C. §§ 1981, 1983.) Preliminary injunctive relief was denied and the action was dismissed as presenting no substantial federal question. Plaintiffs brought this appeal under 28 U.S.C. § 1391 assigning numerous errors to the disposition below.

Appellants Peter D. and June Bogart were indicted in February, 1964, on charges of grand theft. Appellants Richard D. Zelechower, M.D. and Theodore and Susan Cohen were similarly indicted in September of 1966.[1]

The Bogarts were convicted on some of the charges[2] contained in their indictment on July 25, 1965. The Cohens and Zelechowers were similarly convicted on September 28, 1967. On October 5, 1967, appellants joined in this suit in an effort to restrain further prosecution under some of the counts of the 1964 and 1966 indictments that are still outstanding. They also sought other relief, which is described in greater detail, *post*.

Appellants' pleading requested several forms of relief. *First*, they sought injunctive relief against the giving of further force or effect to the 1964 and 1966 indictments in addition to a mandatory injunction ordering the dismissal of the

1. Some of the appellants were also charged with criminal conspiracy, but it is not clear from the pleadings and affidavits at whom these charges were directed.

2. It is not clear from the record which charges resulted in convictions.

remaining counts of those indictments (C.T. 11).

*Second,* they sought a declaratory judgment that Cal.Penal Code, § 897, Cal. Code Civ.Proc. § 200 and Superior Court Rule 29, all of which govern the selection of Grand Jurors, "are repugnant to the Constitution of the United States. * * " (C.T. 12)

*Third,* they sought nominal damages of one dollar, reserving " * * * the right to amend this item of their prayer, in the event they should decide to pray for full compensatory damages." (C.T. 11)

■ On February 2, 1968, the district court denied appellants' request for preliminary injunctive relief pending final determination of the merits of the case. (C.T. 58–61) On February 5, 1968, appellants' action was dismissed on the following grounds:[3] (1) that the Civil Rights Act does not create an exception to the longstanding rule[4] prohibiting federal injunctions against pending state criminal proceedings; (2) that decisions of the Supreme Court on the issue of jury selection clearly foreclosed the substantiality of appellants' action; (3) that the named defendants were not subject to damage suits under the Civil Rights Act.

Appellants, other than Peter D. and June Bogart, have abandoned their appeal; and as to them the appeal is dismissed.

■ Peter and June Bogart appear in pro per. As to their claims against defendants the Board of Supervisors of the County of Los Angeles; the Superior Court of the State of California for the County of Los Angeles, et al.; "The People of the State of California, by Ronald Reagan, Governor of the State of California," we hold them improperly joined as defendants, and immune from suit.

As to Peter D. and June Bogart's claims against defendants Evelle J. Younger, individually and as District Attorney of the County of Los Angeles, and Thomas C. Lynch, individually and as Attorney General of the State of California, we will not pass on their claimed immunity, because of the following.

This appeal, now on behalf of Peter D. and June Bogart, presents two legal issues: Was the district court correct in denying preliminary and permanent injunctive relief? Was a substantial federal question presented by appellants' pleading? We hold these issues were correctly resolved against the appellants.

*Preliminary Injunctive Relief Against Further Force and Effect of the Outstanding Indictments Was Correctly Denied*

Appellants contend that the district court misread the case of Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943) (Appt.Br. 42) in denying their motion for a preliminary injunction. We disagree, particularly in view of the recent Supreme Court case of Bokulich v. Jury Commission, 394 U.S. 97, 89 S.Ct. 767, 22 L.Ed.2d 109 (1969). In *Bokulich* a three-judge district court found systematic exclusion of Negroes from the grand and petit juries of Greene County, Alabama. The trial court issued an injunction ordering the immediate compilation of a jury list on a nondiscriminatory basis, but the panel refused to enjoin the criminal charges pending against the appellants that were about to be handed down by grand juries allegedly unconstitutionally chosen. The Supreme Court affirmed stating:

"The District Court was warranted in assuming that the constitutional defects of which the appellants complained might be promptly remedied by compliance with its order that juries

---

3. Although the trial court dismissed the complaint for failure to state a claim upon which relief could be granted (Rule 12(b) (6) Fed.R.Civ.Proc.), its action was in the nature of summary judgment

on the merits since matters outside the pleading were considered. (C.T. 65) See Rules 12(d) and 56(c) Fed.R.Civ.Proc.

4. See 28 U.S.C. § 2283.

be reconstituted on a nondiscriminatory basis. If they were not, and if the appellants were in fact indicted, the appellants could raise any objection to the composition of the jury as a defense to their prosecutions. In these circumstances the court could properly conclude that this was not one of 'those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent.' Douglas v. Jeannette, [Citation omitted]." 394 U.S. at 98–99, 89 S.Ct. at 768.

It is clear from this passage that the Supreme Court has foreclosed the possibility of injunctive relief against criminal prosecutions resulting from indictments handed down from unconstitutionally constituted grand juries. We reject as patently without merit appellants' contention, raised for the first time in their appellate brief (Appt.Br. 43), that this case has any First Amendment implications that would bring it within the rules enunciated in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 and Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444.

*Appellants Did Not Present A Substantial Federal Question Requiring the Convocation of A Three-Judge Court*

The district court found no substantial federal question presented by appellants' pleadings and affidavits and thus refused to convene a three-judge court under 28 U.S.C. § 2281. It found the exclusion of certain professionals to be based upon a recognized state interest of shielding certain professional occupations from the interference that would result from jury service. As such, the excluded class was not arbitrarily defined. This was found to be in line with the early holding of Rawlins v. Georgia, 201 U.S. 638, 640, 26 S.Ct. 560, 50 L.Ed. 899, in which Mr. Justice Holmes stated:

"[T]he business of the persons omitted [is] such that either they would have been entitled to claim exemption or that probably they would have been excused."

Appellants contend that "Rawlins has been completely abandoned" (App.Op. Br. 18).[5] We can find no authority for this proposition, and Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961) suggests the contrary.

In *Hoyt* the Supreme Court upheld a jury selection statute that excluded a much broader class of persons from jury duty than is excluded by the California statutes in issue. Mr. Justice Harlan, in finding the exclusion of all women from jury duty was not necessarily unconstitutional, emphasized that the relevant inquiry in determining the constitutionality of jury selection statutes is the *rational nexus* between the population of the excluded class and the state interest to be advanced by the exclusion. Specifically, he said:

"Where, as here, an exemption of a class in the community is asserted to be in substance an exclusionary device, the relevant inquiry is whether the *exemption itself* is based on some *reasonable classification* and whether the manner in which it is exercisable *rests on some rational foundation.*" 368 U.S. at 61, 82 S.Ct. at 162. (Emphasis added.)

Since we find the *Rawlins* and *Hoyt* cases dispositive of the constitutional question, we hold that appellants' complaint was correctly dismissed.

We do not reach the issue of immunity from damage suits under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, since we find no rights of the appellants have been violated.

Affirmed.

KOELSCH, Circuit Judge (concurring specially).

I do not share the court's view that the Zelechowers' pleading tenders no substantial federal question. As noted in

---

5. We also reject appellants' contention that *Rawlins* was decided solely upon the grounds that the objectors to such jury discrimination * * * were not members of the excluded professions." (Appt. Br. 30)

the opinion, the attack centers upon Section 897 of the California Penal Code and a Local Rule (Rule 29) promulgated by the Superior Court of Los Angeles County, California. Both the statute and the rule regulate the selection of persons for grand jury service. The statute operates to exclude from eligibility persons "who are not exempt from serving. * * *" Further statutes (Cal.P.C. 894 and CCP 200) specifically designate the persons so exempted. So far as pertinent to this case they are:

"(1) A judicial, civil, naval or military officer of the United States, or of this State, or a member of the Armed Forces of the United States, while on active duty;

\* \* \* \* \* \*

(3) An attorney at law, or the clerk, secretary, or stenographer of an attorney at law;

\* \* \*"

Local Rule 29 (although ambiguous) contains a broader exclusion than the statute and makes ineligible for grand jury service "(b) Spouses of judges and Commissioners of the Superior Court and the Municipal Court and attorneys known to be in active practice. * * *"

The Zelechowers' theory, urged in their complaint, is that the quoted provisions appearing in both the statute and the rule contravene the Fourteenth Amendment to the Federal Constitution because the classifications are arbitrary. This Court, on the supposed authority of Rawlins v. Georgia, 201 U.S. 638, 26 S.Ct. 560 (1906) and Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159 (1961), holds these classifications reasonable and declares both statute and rule constitutionally valid.

I am not so sanguine. The *State statute* is probably not vulnerable to the attack for, as pointed out in *Rawlins*, an exclusion is valid if the work of the class is of such public importance that it should not be interrupted. The enumeration in the statute is of persons so engaged.

But I entertain grave doubts about the validity of the local rule. It creates and excludes a class consisting of "spouses" of those whose work warrants their being set apart and treated differently than others. However, it does not follow that because of their marital status the husbands and wives thus singled out are all engaged in some common activity or indeed any activity, much less one that would permit a like differentiation to be made of them.

Thus, unlike my brothers Barnes and Kilkenny, I would not so readily place a judicial imprimatur upon the local rule; neither would I reach the question of its validity. The Supreme Court has repeatedly declared that ordinarily it ought not to pass upon the constitutionality of a statute or rule unless adjudication is unavoidable and that the same principle should guide the lower courts as well. We should heed that admonition in this case.

I nevertheless concur in the result reached in the opinion. As there stated, injunctive relief should be withheld on principles of abstention. Declaratory relief can and should be denied on the same basis; and the action for damages against all defendants is nullified by the doctrine of immunity. The opinion holds that several of the defendants are so protected, but expresses no opinion as to the defendants Younger and Lynch. The latter are, respectively, the District Attorney for Los Angeles County, California and the Attorney General of that State. The complaint does not show, and indeed could not be amended to show, their conduct on which the claims are purportedly based was not in the performance of their official duties.

I would affirm on that ground.