**Jack Allen BARBER, Appellant,**

v.

**STATE OF ARKANSAS et al., Appellees.**

**No. 20173.**

United States Court of Appeals,
Eighth Circuit.

July 14, 1970.

Charles R. Ledbetter, and Ben Core, Fort Smith, Ark., on brief for appellant.

Joe Purcell, Atty. Gen., Little Rock, Ark., and Mile Wilson, Asst. Atty. Gen., on brief for appellees.

Before JOHNSEN, Senior Circuit Judge, and VAN OOSTERHOUT and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by petitioner Barber from judgment dismissing his petition. The petition as amended sought to have Barber's conviction on a state judgment of assault with intent to rob declared void upon the ground Barber had been denied his federal constitutionally guaranteed right to equal protection by not being afforded a preliminary hearing provided for by § 43–601, Ark.Stat.Ann. Barber further prayed that the state be enjoined from further denying him equal protection. Jurisdiction is based upon 42 U.S.C.A. § 1983.

Barber in his petition also asserted the failure to provide him a preliminary hearing constituted a denial of due process. The due process attack is abandoned upon appeal.

The trial court sustained the state's motion to dismiss the petition for want of jurisdiction, stating the reasons therefor in a well-reasoned memorandum opinion dated November 19, 1969 (not reported).

Barber was arrested on February 13, 1969, in the Town & Country Liquor Store at Fort Smith, Arkansas, while tying up two women employees. He was tried in the state court upon an information filed by the prosecuting attorney, as permitted by Arkansas law, charging Barber with assault with intent to rob. Barber entered a plea of not guilty. He was convicted by a jury and was sentenced to five-years imprisonment. His conviction was affirmed upon appeal on February 7, 1970. Barber v. State, Ark., 450 S.W.2d 291.

Barber asserts he was constitutionally entitled to a preliminary hearing provided by Arkansas law in connection with the charge upon which he was convicted and two other charges arising out of the same incident upon which he has not yet been tried. The same contentions were made by Barber on his direct appeal from his conviction to the Arkansas Supreme Court and were rejected by the court for the following reasons:

"Appellant here contends that he was entitled to have a preliminary hearing before the information could be filed by the prosecuting attorney. We find this without merit, see Moore v. State, 229 Ark. 335, 315 S.W.2d 907 (1958). Further, the record here shows that

when appellant raised the issue he was offered a preliminary hearing, which he declined for fear the State was attempting to cure the point he was raising." 450 S.W.2d 291, 294.

In the *Moore* case cited in the above quotation, the Arkansas court follows and quotes with approval from Washington v. State, 213 Ark. 218, 210 S.W.2d 307, 308, as follows:

"'Appellant was tried on an information filed by the prosecuting attorney, rather than on an indictment returned by a grand jury; and appellant claims that prosecuting him by information is violative of his rights under both the State and Federal Constitutions. Amendment 21 of the State Constitution reads: "That all offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting Attorney." This amendment has been upheld by this court against such attack as is here made, in numerous cases, some of which are: Penton v. State, 194 Ark. 503, 109 S.W.2d 131 and Smith v. State, 194 Ark. 1041, 110 S. W.2d 24. The United States Supreme Court has repeatedly held that a State can—if it so desires—provide for a prosecution by information instead of by indictment. Some of these cases are: Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, Bolln v. State of Nebraska, 176 U.S. 83, 20 S.Ct. 287, 44 L.Ed. 382; and Gaines v. Washington, 277 U.S. 81, 72 L.Ed. 793, 48 S.Ct. 468.'" 315 S.W.2d 907, 908–909.

It is questionable whether 42 U.S.C.A. § 1983 confers jurisdiction upon the District Court on the facts here presented. See Moss v. Horning, 2 Cir., 314 F.2d 89, 91–92, and cases there cited. We have chosen to dispose of the case upon the merits.

The Supreme Court has never held that an accused has a constitutional right to a preliminary hearing. Silva v. Cox, 10 Cir., 351 F.2d 61, 64; Dillard v. Bomar, 6 Cir., 342 F.2d 789, 790. See Barrett v. United States, 8 Cir., 270 F.2d 772, 776–777; State v. Kanistanaux, 68 Wash.2d 652, 414 P.2d 784; Benson v. Commonwealth, 190 Va. 744, 58 S.E.2d 312.

Whether a preliminary hearing should be afforded Barber presents a question of state law to be determined by the Supreme Court of Arkansas. As heretofore noted, the Arkansas court has squarely held that there is no requirement that a preliminary hearing be afforded to a defendant prosecuted under a felony information filed by the prosecuting attorney. No federally guaranteed constitutional rights of Barber have been violated.

Moreover, as stated in Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 1339, 20 L.Ed.2d 182:

"Federal interference with a State's good-faith administration of its criminal laws 'is peculiarly inconsistent with our federal framework' and a showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction."

See Bokulich v. Jury Commission, 394 U.S. 97, 89 S.Ct. 767, 22 L.Ed.2d 109; Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324.

No special circumstances have been alleged by the petitioner which would call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent.

Twenty-eight U.S.C.A. § 2283 provides a separate and independent ground for affirmance. Said statute reads:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Nothing in the pleadings or record before us discloses that any of the exceptions to the statutory prohibition against enjoining state court proceedings are here present. Accordingly, the injunctive relief sought is barred by § 2283. Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234.

The judgment dismissing the petition is affirmed.