# THE STATE v. GUS TUNNELL, DOROTHA TUNNELL and SAMMIE TUNNELL, Appellants.

### In Banc, February 11, 1924.

1. **SEARCH WARRANT: Appellate Jurisdiction: Constitutional Question.** Where defendants, charged (a) with having in their possession certain apparatus for the manufacture of intoxicating liquor, (b) with the manufacture of intoxicating liquor and (c) having in their possession intoxicating liquor, filed their motion before trial to suppress the evidence obtained by the sheriff by search and seizure, on the ground that the search warrant was illegal and void and contrary to the Fourth and Fifth Amendments of the United States Constitution and of Sections 11 and 23 of Article 2 of the Missouri Constitution, they thereby raised a constitutional question at their first opportunity, there being nothing on the face of the information suggesting that the constitutional question could be raised by a demurrer or other more appropriate motion; and the Supreme Court has appellate jurisdiction upon their appeal from a judgment of conviction and the assessment of their punishment at a fine of two hundred dollars each on each of two of the counts.

2. ———: **Probable Cause: No Statement of Facts.** A search warrant can be issued only upon probable cause, as provided by Section 11 of Article 2 of the Missouri Constitution, and if the affidavit filed by the prosecuting attorney states no facts from which probable cause can be judicially inferred, a search warrant, grounded on such affidavit, is unauthorized and illegal.

3. ———: **Statute.** Section 6595, Revised Statutes 1919, does not authorize a search warrant, and one issued thereunder is void.

302 Mo. Sup.—28.

State v. Tunnell.

4. ———: **Probable Cause: By Circuit Clerk.** A search warrant can be issued only by a court upon a judicial investigation. A circuit clerk, being a mere ministerial officer, cannot determine the existence of probable cause for the issuance of a search warrant, and a search warrant issued by him without direction from a competent court is void.

5. ———: **Evidence: Things Discovered: Admissibility.** Where the search warrant was illegal and void, neither the apparatus, discovered by the sheriff in the execution of the warrant, in defendant's dwelling-house or in an abandoned dwelling-house on his premises, and then being used in the manufacture of intoxicating liquor, nor the intoxicating liquor then and there found in defendant's possession, can be used as evidence against him at his trial, where before trial he files a motion to suppress the evidence thus discovered.

6. ———: ———: **Collateral Issue.** If evidence obtained by an illegal search warrant is raised for the first time when it is offered at the trial, the illegality of the search and seizure will not then be determined, for that would be a collateral issue, and if it is otherwise competent and relevant it will be received; but if, before trial, a motion to suppress it is filed, then the issue raised by such motion is not a collateral issue, but an independent one, and it becomes the duty of the court, in ruling such motion, to determine whether the search and seizure were unreasonable and therefore illegal, and such motion being sustained the things discovered and the information obtained by the illegal search cannot be admitted as evidence at the trial. [Distinguishing State v. Pope, 243 S. W. 253, decided by Springfield Court of Appeals; also distinguishing State v. Pomeroy, 130 Mo. l. c. 498, and State v. Sharpless, 212 Mo. l. c. 198, wherein it was announced that lottery tickets and papers obtained by the search, without a search warrant, of the person of one of the defendants, and the room formerly occupied by the other, after the defendant in each case had been lawfully arrested, were admissible in evidence at their trial.]

Appeal from Webster Circuit Court.—*Hon. C. H. Skinker,*
Judge.

REVERSED AND REMANDED.

*G. Purd Hays* for appellants.

(1) The court should have sustained the motion to quash the search warrant and to suppress the testimony.

Laws 1921, p. 416, sec. 6595. (2) Said search warrant is insufficient. It does not attempt to describe the premises or residence of the defendants to be searched. The evidence is that the defendants had lived there a long time, and a complete description of their premises could have been readily obtained. Defendants were raided in the nighttime, which is contrary to law. Mo. Constitution, art. 2, secs. 11 and 23; Fourth and Fifth Amendments of Constitution of United States; Secs. 4115, 4116, R. S. 1919; Youman v. Commonwealth, 224 S. W. 860; State ex rel. American Mfg. Co. v. Anderson, 194 S. W. 268; Hughes v. State, 238 S. W. 588. (3) The court erred in overruling the demurrer at the close of the case, and especially as to Anna Lock, wife of defendant, William Lock. The whole evidence is that she did what she did, if anything, under the direction of her husband. State v. Miller, 162 Mo. 253.

*Jesse W. Barrett,* Attorney-General, and *Harry C. Willson,* Special Assistant Attorney-General, for respondent.

(1) The affidavit for the search warrant named necessary exceptions to the search of a private dwelling, and the warrant, was legally issued. Sec. 6595, R. S. 1919, as amended Laws 1921, pp. 416, 417. (a) The description of the place to be searched as set out in the warrant is sufficient. Sec. 11, Art. II, Mo. Constitution; Dwinnels v. Boynton, 85 Mass. 310; Wright v. Dressel, 140 Mass. 147; Metcalf v. Weed, 66 N. H. 176; United States v. Borkowski, 268 Fed. 411. (b) The Fourth and Fifth Amendments of the Constitution of the United States contain no restrictions on the powers of the State, but were intended to operate solely on the Federal government. Brown v. New Jersey, 175 U. S. 172; United States v. Cruikshank, 92 U. S. 542; State v. Gordon, 268 Mo. 713. (c) Secs. 4115 and 4116, R. S. 1919, apply to complaints that personal property has been stolen or

embezzled. (2) The court did not commit error in overruling the demurrer to the evidence and in submitting the case to the jury. The record discloses that there is substantial evidence upon which to submit the case to the jury. State v. Prunty, 276 Mo. 371; State v. Field, 234 Mo. 627; State v. Hascall, 226 S. W. 21. Where there is sufficient evidence to support the verdict, this court will not interfere. State v. Long, 199 Mo. 207. (3) Permitting the sheriff and his deputies to testify as to what they found on Lock's premises was not error. State v. Sharpless, 212 Mo. 176; State v. Pomeroy, 130 Mo. 489.

WHITE, J.—The appellants were convicted of violation of the liquor law, Section 6588, Revised Statutes 1919, as amended by the Act of 1921, Laws 1921, p. 414, et seq. The information is in three counts.

The first count charged the defendants with having in their possession "one still, doubler, worm, worm tub, mash tub, fermenting used and for use in the manufacture of intoxicating liquor."

The second count charged the defendants with the manufacture of intoxicating liquor.

The third count charged the defendants with having in their possession intoxicating liquor.

The Sheriff of Webster County, with a search warrant issued by the Clerk of the Circuit Court of that county (not a justice of the peace, as respondent states), searched the premises of defendants and found the articles mentioned in the information. On a trial the jury found the defendants guilty as charged in the first count, and assessed their punishment at a fine of two hundred dollars each; found the defendants guilty as charged in the third count and assessed their punishment at a fine of two hundred dollars each; and found them not guilty on the second count of the information. The effect of the verdict was that the defendants possessed apparatus for manufacturing intoxicating liquor and had such liquor in their possession, but did not manufacture it. They appealed from the judgment.

I.   The State filed a motion in this court asking an
order transferring the case to the Springfield Court of
Appeals on the ground that this court had no
jurisdiction, it being a misdemeanor case and
no constitutional question having been proper-
ly raised.

*Appellate Jurisdiction.*

At the January term, 1922, before the trial, the ap-
pellants filed in the Circuit Court of Webster County a
motion to quash the search warrant mentioned above and
suppress the evidence obtained by the sheriff in the ex-
ecution of it, on the ground that the search warrant was
illegal and void and contrary to the Fourth and Fifth
Amendments of the Federal Constitution, and Sections 11
and 23 of Article II of the Constitution of Missouri.

The constitutional question was thus properly raised
by the defendant at the first opportunity.   The informa-
tion on its face does not suggest that the constitutional
question could be raised by a demurrer or other motion
more appropriate than the one filed by the defendant.
This court therefore has jurisdiction and the motion is
overruled.   [Lohmeyer v. Cordage Co., 214 Mo. 685;
Strother v. Railroad, 274 Mo. 272.]

II.   The error presented by the appellants upon
which they rely for reversal is this:

It is claimed that the search warrant issued by the
circuit clerk was illegal and void and did not authorize a
search and, in consequence of that, the evidence
discovered by the sheriff in executing the search
warrant was inadmissible against the defendants.

*Search Warrant.*

The search warrant was unauthorized for several
reasons.   It could not issue except upon probable cause
as provided in Section 11, Article II, of the Constitution
of Missouri.   No facts were stated in the affidavit filed by
the prosecuting attorney which would justify the issuance
of the warrant.   This matter was exhaustively and ably
elaborated by Davis, C., in case of State v. Lock, ante
page 400, decided at the present term of this court.
Another reason why the search warrant was void was

that Section 6595, under which it was issued, does not authorize a search warrant. Besides, the circuit clerk being a mere ministerial officer could not issue it in any event, because such warrant can be issued only by a court upon a judicial investigation. [24 R. C. L. p. 706.]

The appellants do not question the constitutionality of that statute. They only claim that the search warrant was issued in violation of Section 11, Article II, of the State Constitution. It has been held by this court in the case of Lowry v. Rainwater, 70 Mo. 152, that a statute relating to gambling and gambling devices, very similar in terms to Section 6595, was unconstitutional because it authorized a search and seizure without any judicial ascertainment of the facts in regard to the ownership of the property and the right to its possession.

III. The question then is presented whether the evidence discovered by the sheriff in the illegal search was properly admitted in evidence.

**Evidence.**

The evidence showed that both the liquor and the apparatus were found in the dwelling house occupied by the defendants, and also in an abandoned dwelling house on the premises of the defendants. Defendants Gus Tunnell and Dorotha Tunnell were the father and mother of the defendant Sammie Tunnell. The evidence also indicates that others besides the defendants were concerned in the operation—if there was such—of the apparatus. The State makes no distinction between the search of the vacant dwelling-house and the one actually occupied by the defendants. We are not apprised that there is any difference, since the unoccupied dwelling was on the premises of the defendants. The appellants before the trial presented their motion to the court praying the court to suppress the evidence discovered by the sheriff and for a return of the property seized. The court overruled their motion and on a trial the defendants objected to the testimony of the sheriff because discovered by this illegal search warrant. It was error to admit the evidence.

We have fully discussed the admissibility of such evidence in the case of State v. Owens, *ante* page 348, determined at this term of court, and an examination of the opinion in that case, where the authorities are reviewed at some length, will show the reasons for our ruling.

V. The State cites in support of its position some cases from the Federal court fully considered and analyzed in the Owens Case. It also cites the case of State v. Pope, 243 S. W. 253, decided by the Springfield Court of Appeals, where it was held that evidence obtained in execution of an illegal search warrant was properly admitted. Judge BRADLEY, however, in that case, reviewing the cases from the United States Supreme Court, the Adams Case, the Weeks Case and the Gouled Case, points out that in the case before the court there was no preliminary proceeding to suppress the evidence obtained by the illegal search, and says, at page 256, that he did not pass upon the validity of the warrant, but merely held that the defendant did not take proper preliminary steps to determine the admissibility of the evidence, objection being made for the first time when the evidence was offered at the trial. This ruling was entirely correct, and in accordance with the conclusion shown in the Owens Case, supra. The cases of State v. Sharpless, 212 Mo. l. c. 198; State v. Pomeroy, 130 Mo. l. c. 498, were also cited. In the Pomeroy Case the evidence, consisting of lottery tickets, sought to be excluded, was found after Pomeroy was lawfully arrested. The question was raised whether the lottery tickets were discovered by an illegal search and the court held that the court would not inquire into a collateral issue and determine that question. The objection was made for the first time at the trial. In the Sharpless Case papers were taken from the accused after his lawful arrest. These cases were fully reviewed in the Owens Case.

The judgment is reversed.

*Cases Reviewed.*

Some evidence besides that discovered by the illegal search of the sheriff appears in the record pointing to the possession by the defendants of the articles forbidden.by the statute. We are not certain that evidence of that kind can be produced sufficient to procure a conviction, but for the reason that there appears to be such evidence we remand the case. All concur, except *David E. Blair* and *Walker, JJ.*, who dissent for reasons stated in their dissenting opinion in the Owens Case.

Headnotes 1, 2, 3, 4, 5, 6, 7 and 8: Searches and Seizures, 35 Cyc. 1266, 1267 (1926 Anno), 1265, 1272 (1926 Anno); Headnote 4, Intoxicating Liquors, 33 C. J. secs. 372, 381, and Searches and Seizures, 35 Cyc. 1266.