Jesse Franklin COLLINS, Appellant,

v.

STATE of Missouri, Respondent.

No. 54615.

Supreme Court of Missouri, Division No. 1.

June 8, 1970.

Carroll J. Donohue, Maury B. Poscover, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief on motion under Supreme Court Rule 27.26, V.A.M.R.

A jury in the St. Louis Circuit Court found appellant, Jesse Franklin Collins, guilty of an unlawful sale of a narcotic drug. The court fixed his punishment at 15 years' imprisonment. On appeal, allegations of trial error were found without merit, but the judgment was set aside and the cause remanded for further proceedings to determine the applicability of the Second Offender Act. § 556.280, RSMo 1959, V.A.M.S. State v. Collins, Mo.Sup., 383 S.W.2d 747. Upon a second appeal following such proceedings, the judgment was affirmed. State v. Collins, Mo.Sup., 394 S.W.2d 368.

On this appeal, from denial of relief after an evidentiary hearing, appellant asserts three grounds for relief. The first is that his arrest, without a warrant, was illegal and violative of the Constitution of the United States, Amendment IV, and the Constitution of the State of Missouri, 1945, Art. I, § 15, V.A.M.S., because the arrest, for an offense committed on January 7, 1963, of which the police were aware at that time, was not made until January 30, 1963. Appellant contends that the police had more than ample time between January 7 and January 30 to have obtained a warrant, and, relying upon the analogy of arrest without a warrant and a search without a warrant, contends that an arrest without a warrant, when there is time available to procure an arrest warrant, is illegal.

We need not consider the contention that the requirement of a warrant for a search whenever a reasonable op-

portunity for officers to procure the warrant exists, expressed in cases such as Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, and United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, cited by appellant, is equally applicable to a warrant for arrest. We note that the analogy was rejected in People v. Herrera, 19 Mich.App. 216, 172 N.W.2d 529, 532[2, 3]. Nor need we consider whether the doctrine of Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210, dealing with prejudicial pre-arrest delay (See Note—Pre-Arrest Delay: Evolving Due-Process Standards, 43 NYUL.J. 722 [1968]), might have been invoked by timely objection. The ultimate answer to appellant's contention is that an allegedly illegal arrest affords no grounds for relief upon collateral attack from a judgment of conviction. State v. Worley, Mo.Sup., 383 S.W.2d 529, 533[7, 8]; State v. King, Mo.Sup., 380 S.W.2d 370, 377[15], cert. den. 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569.

Such is the rule applied in the federal courts. In United States ex rel. Orsini v. Reincke, D.C.Conn., 286 F.Supp. 974, at 976[2], the court stated:

"The rule that an illegal arrest without more does not void a conviction and is not ground for a collateral attack by habeas corpus is well established whether the conviction was by a federal, Moreland v. United States, 347 F.2d 376 (10th Cir. 1965); Roddy v. United States, 296 F.2d 9 (10th Cir. 1961), or a state court. United States ex rel. Burgett v. Wilkins, 283 F.2d 306 (2d Cir. 1960), cert. denied 365 U.S. 848, 81 S.Ct. 810, 5 L.Ed.2d 812 (1961)." Aff., 2d Cir., 397 F.2d 977, cert. denied 393 U.S. 1050, 89 S.Ct. 689, 21 L.Ed.2d 692 (1969).

In Moreland v. United States, 10 Cir., 347 F.2d 376, 377[2], the court stated:

"An illegal arrest without more does not void a conviction and is not grounds for

collateral attack under Section 2255 [U.S.C.A.]. Tanner v. United States, 10 Cir., 296 F.2d 218; Roddy v. United States, 10 Cir., 296 F.2d 9; Klink v. Looney, 10 Cir., 262 F.2d 119; Whitney v. Zerbst, 10 Cir., 62 F.2d 970."

■ Appellant's contention is without merit.

■ The next contention, that appellant was held by police for more than 20 hours upon his arrest, without a warrant, in violation of Supreme Court Rule 21.14, V.A.M.R., likewise affords no basis for relief in this proceeding. State v. Worley, supra; State v. Ivey, Mo.Sup., 442 S.W.2d 506, 508[1]. If, as suggested in State v. Donnell, Mo.Sup., 387 S.W.2d 508, 510–511 [3, 4], relied upon by appellant, there may be a situation in which the illegal detention coupled with other events would render a defendant's final trial constitutionally unfair, no such situation has here been demonstrated. Appellant engaged counsel shortly after his arrest, he was brought before the Court of Criminal Correction within four days and testified to no occurrence during his detention which in any manner bore upon the fairness of his trial.

■ Appellant's final contention is that he was denied the right of assistance of counsel of his own choice at his arraignment. Defendant testified that, upon his arraignment, he requested a delay until his own counsel was present. The trial court directed a representative of the Public Defender's Office to accompany appellant to the bench and upon the reading of the indictment a plea of not guilty was entered. Our decisions hold that arraignment is not a crucial stage of the proceedings when all that is done is enter a plea of not guilty, waiving no rights defendant might otherwise have. State v. Benison, Mo.Sup., 415 S.W.2d 773, 775[2, 3]; State v. Donnell, Mo.Sup., 430 S.W.2d 297, 299–303. Appellant offers no suggestion that he was prejudiced as a result of the arraignment proceedings. Therefore, no basis for

the relief here is shown. State v. Donnell, supra.

Judgment affirmed.

HOUSER, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All concur and CAMPBELL, Special Judge, concurs.