James Marvin **FIELDS**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 55849.

Supreme Court of Missouri,
Division No. 2.

June 14, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied June 28, 1971.

Kenneth T. Walter, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Presiding Judge.

Appellant, James Marvin Fields, was convicted of burglary in the second degree and with stealing during the commission of the burglary in the Circuit Court of Greene County, Missouri, and his punishment was assessed at seven years for the burglary and five years for the stealing, the sentences to run consecutively. On direct appeal, his conviction was affirmed. State v. Fields, Mo.Sup., 442 S.W.2d 30. The facts were set forth in the Fields case, supra, and need not be repeated in this opinion.

On August 6, 1969, appellant filed in the Circuit Court of Greene County, Missouri, his motion to vacate sentence under S.Ct. Rule 27.26, V.A.M.R. An evidentiary hearing was held with appellant and counsel present. The motion to vacate was denied. This appeal followed.

Appellant first asserts an unlawful search and seizure claim even though no motion to suppress was filed, no objection on constitutional grounds was made at trial to the evidence in question, no mention of the point was made in the motion for new trial, and the claim was rejected on direct appeal.

This Court has held that a claim of illegal search and seizure is not such a matter as may be raised in Missouri under S.Ct. Rule 27.26. State v. Caffey, Mo. Sup., 457 S.W.2d 657; State v. Holland, Mo.Sup., 412 S.W.2d 184. Appellant recognizes the Missouri position but cites Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), wherein the United States Supreme Court held that "the claim of a federal prisoner that he was convicted on evidence obtained in an unconstitutional search and seizure is cognizable in a post-conviction proceeding under 28 U.S.C. § 2255."

The answer to appellant's contention is in State v. Fields, supra, 442 S.W.2d 30, 34:

"Appellant refers to Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L. Ed.2d 227, decided March 24, 1969, and asserts that by reason of that case the contention of an unlawful search and seizure can be raised at any time without regard to state procedural requirements.

"In the Kaufman case the defendant was convicted in federal court of the crime of armed robbery. His defense at trial was insanity, and the conviction was affirmed on appeal. The defendant then filed a post-conviction proceeding under 28 U.S.C. § 2255, and included a claim that the finding of sanity was based upon the improper admission of unlawfully seized evidence, an issue not assigned as error in appellant's appeal. The United States Supreme Court held that in those circumstances 'a claim of unconstitutional search and seizure is cognizable in a § 2255 proceeding.' The Kaufman case expresses the scope of a post-conviction review in the federal courts pursuant to § 2255, but we consider the rule set forth in Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, to be controlling in this case. In the Henry case it was held that 'a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest,' and that a state procedural requirement that there be a 'contemporaneous objection' to the introduction of illegally obtained evidence does serve a legitimate state interest. In State v. Harrington [435 S.W.2d 318], supra, we considered the purpose and reason for the procedural rule in this state that objections to the introduction of evidence claimed to have been obtained by an unlawful search and seizure be presented by a motion to suppress, with the one exception there noted, and concluded that 'The rule unquestionably serves a legitimate state interest.' We adhere to that view."

We acknowledge the rejection of this position by the United States Court of Appeals for the Eighth Circuit on May 24, 1971. Frazier v. Roberts (Steed), 8 Cir., 441 F.2d 1224 (opinion written on petition for rehearing). We regret the extent to which the problem presented may endanger "the delicate federal-state relationship in the criminal law enforcement field." However, we decline to consider appellant's unlawful search and seizure claim under the circumstances in this case. Our holding, of course, "will not preclude inquiry into [appellant's] claim in a federal habeas corpus proceeding." Frazier v. Roberts (Steed), supra, 441 F.2d 1224.

Appellant next asserts that he was denied effective assistance of counsel. The trial court made the following findings of fact and conclusions of law:

"The first question to be considered is the charge that the petitioner did not have effective representation from assigned counsel. At the outset of the hearing in this cause, on his Motion 27.26, the peti-

tioner withdrew two points as to his allegations directed at Mr. David Holden, his attorney. He withdrew the allegation that Mr. Holden failed to obtain witnesses and make an investigation. He further withdrew his allegation that Mr. Holden was prejudiced against petitioner.

"Petitioner, to prove his allegation of inadequate representation, called attorney David Holden to the stand. Mr. Holden testified that he had been in active practice of law for ten years and had trial experience of eight or nine criminal trials per year in the Circuit Court of Greene County, Missouri. He further testified that he was Assistant Prosecuting Attorney during the year 1965.

"Mr. Holden testified that a motion to suppress the evidence was never filed in this case as he and the petitioner discussed the matter and arrived at a different course of action. The original transcript in this case substantiates this position to a great degree. It was defendant Fields' position during the course of the trial that he was an innocent passenger in the back seat of Mr. Montgomery's car; that the tools which were near his feet and a woman's handbag did not belong to him, that a gun found under the front seat of the car did not belong to him. Testimony also disclosed that he took off his sweater and laid it either on the floor board or in the seat; that he had in his possession some $22.00 and they were not wadded up but were in a normal condition, which is quite contrary to the condition of the money found in the possession of Mr. Montgomery, the driver of the car. Mr. Holden testified that he did not file a motion to suppress for other reasons. First, he felt it would be a frivolous motion. A similar motion had been filed in a companion case of David Montgomery, who was represented by John Newberry, and that motion to suppress was overruled; and in view of the fact that David Montgomery was the owner of the vehicle and the owner of the tools in the car, and that defendant was not the owner, he felt that Montgomery's motion was much stronger than that of this defendant's. He testified that, as he understood the law, unless a person claimed ownership or right to possession, he had no right to claim that the search and seizure of such items was an abuse of the law. It was his recollection that he objected on several occasions that there was no showing of possession or ownership of items introduced by the State in the case against Mr. Fields."

* * *

"It is clear that in this State a defendant who complains of inadequate counsel has a heavy burden. See State v. Wilkinson, Mo., 423 S.W.2d 693. However, this defendant had counsel who has had more than average experience in trials of criminal cases and tried this case very ably. One might look back and attempt as hindsight to suggest a different course, but even that would be difficult to do in this case in view of all of the facts and circumstances known to attorney Holden. We find no merit in petitioner's claim of inadequate representation of counsel."

We believe the findings and conclusions of the trial court are not "clearly erroneous." Lansdown v. State, Mo.Sup., 464 S.W.2d 29[4]. Appellant's counsel's judgment not to file a motion to suppress "neither made a mockery of justice, nor shocks the conscience of the Court." Poole v. United States, 8 Cir., 438 F.2d 325 (decided March 2, 1971).

The judgment is affirmed.

MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.