**Jesse Franklin COLLINS, Petitioner,**

v.

**Harold R. SWENSON, Warden,
Respondent.**

**No. 71–1014.**

United States Court of Appeals,
Eighth Circuit.

May 24, 1971.

Rehearing En Banc Denied
June 18, 1971.

Rehearing Denied June 18, 1971.

---

Jesse F. Collins, filed brief pro se.

John C. Danforth, Atty. Gen. and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., filed brief for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Petitioner, a state prisoner, appeals from the denial of his petition for a writ of habeas corpus. In 1963 defendant was convicted of an unlawful sale of a narcotic drug under Missouri law. He was charged, as well, under the Missouri Second Offender Act. Mo.Ann.Stat. § 556.280. The Missouri Supreme Court affirmed his conviction on the drug violation, but remanded to the trial court for additional evidence as to whether petitioner had been incarcerated or fined, placed on probation or paroled under his earlier conviction, such a finding being a prerequisite to enhanced punishment under the Missouri Second Offender Act. State v. Collins, 383 S.W.2d 747 (Mo.1964). On a second appeal his sentence under the habitual criminal law was affirmed. 394 S.W.2d 368 (Mo. 1965). Thereafter he sought post-conviction relief under Missouri Rule 27.26, V.A.M.R. This was denied and on appeal, the denial affirmed. 454 S.W.2d 917 (Mo.1970). In his petition in federal district court he essentially alleges: (1) that he was illegally arrested and detained; (2) that he was denied a preliminary hearing with retained counsel; and (3) that he was denied the right to retained counsel at arraignment. We affirm the denial of relief.

Petitioner complains that he was arrested without warrant on January 30, 1963, and held in jail without a finding of probable cause for his arrest (by way of preliminary hearing) until the grand jury indicted him on March 7. This appears to be in direct violation of Missouri law, which requires an immediate appearance before a magistrate to test probable cause for the arrest. Mo.Sup.

* Of the First Circuit, sitting by designation.

C. Rule 23.02. Nevertheless, under Missouri law if the denial of a preliminary hearing is not raised before trial it is deemed waived. See e.g. State v. Keeble, 399 S.W.2d 118, 120–121 (Mo.1966).

Missouri law also requires that a person arrested without warrant be discharged from custody unless he has been charged with a criminal offense within 20 hours by the oath of some credible person. Mo.Sup.Ct. Rule 21.14. If this rule was violated, presumably petitioner had a right to obtain his release by habeas corpus before trial. He did not file for a writ. Defendant claims he was held incommunicado; however, the record disputes this. Although the record is not clear as to when petitioner retained counsel, it does indicate that he did so sometime between arrest on January 30, 1963, and February 4, 1963. On the latter date he was taken before the Court of Criminal Correction. Although the record of the proceeding in that court is not before us, presumably defendant was then eligible for release on bond. See Mo.Sup.Ct. Rule 23.06.

■ Nevertheless, assuming arguendo that defendant's arrest and detention were illegal, this does not in any way prejudice his conviction when the evidence used in the trial itself does not flow from the arrest.[1]  454 S.W.2d at 919. See also State v. Worley, 383 S.W. 2d 529 (Mo.1964) (detainment). See United States v. Turner, 442 F.2d 1146 (8 Cir.1971) (arrest); Sewell v. United States, 406 F.2d 1289 (8 Cir.1969) (arrest); Theriault v. United States, 401

F.2d 79, 86 (8 Cir.1969), cert. denied 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792 (1969) (detainment).[2]

The federal district court found that petitioner had not exhausted his state remedy as to his claim that he had been denied a preliminary hearing with his retained counsel. It would appear defendant raised his claim in his state court 27.26 motion, but it was not raised in his briefs on appeal before the Missouri Supreme Court. Petitioner argues that it was implicitly raised and the supreme court's denial of his appeal included this claim.

■ Assuming that petitioner exhausted his remedies, the argument must nevertheless fail on its merits. Federal habeas corpus is available to a state prisoner only upon a denial of a federal constitutional right. Under Missouri law a preliminary hearing merely leads to a finding of probable cause to bind a defendant over for trial. The state still cannot bring the accused to trial without the filing of an indictment, or information in appropriate cases. Once the grand jury acts and an indictment is rendered, however, all previous actions of the magistrate are superseded and the criminal action proceeds by reason of the indictment. See State v. Maloney, 434 S.W.2d 487, 496 (Mo.1968). More significantly, it is uniformly held that a defendant is not entitled to a preliminary hearing as a matter of constitutional right. See e.g. cases cited in Barber v. Arkansas, 429 F.2d 20, 22 (8 Cir.1970).[3]

---

1. When petitioner was arrested on January 30, an officer took a statement from him. In it petitioner revealed that he had previously been convicted of a felony in New York State. The Missouri Supreme Court mentions this as additional corroboration of the documentary proof of his conviction. This admission went to the enhanced punishment under the Second Offender's Act. There is no claim that the statement was not given voluntarily. In any event, the statement was only cumulative of other proof adduced relating to his prior conviction. See 394 S.W.2d at 371.

2. Rule 5 of the Federal Rules of Criminal Procedure, which requires immediate appearance before a magistrate, is, of course, not applicable to state proceedings. United States v. Elliott, 435 F.2d 1013 (8 Cir. 1970). It is not a constitutional rule. See Woodson v. Brewer, 437 F.2d 1036, 1039 n. 2 (8 Cir. 1971).

3. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), is not contrary authority. The United States Supreme Court there simply held that once a state employs a preliminary hearing it can no longer be considered as a noncriti-

■ Petitioner additionally asserts that he was denied his retained counsel at the arraignment. At his arraignment after indictment, a plea of not guilty was entered. Petitioner appeared at the arraignment without his own counsel. He sought a continuance on the ground that his own counsel was absent.[4] Instead of granting a continuance, the state trial judge appointed a nearby member of the public defender's office to appear with the petitioner. This attorney then waived the reading of the indictment and pleaded petitioner not guilty. We agree that this arrangement tends to mock petitioner's right to retained counsel of his choice. The right to counsel involves more than formal appearance. Nevertheless, we are disposed to hold that the present record fails to show any constitutional infirmity in petitioner's conviction. This court has held that under Missouri law the arraignment proceeding is not a critical phase of the state criminal procedure when no prejudice arises from it.[5] See McClain v. Swenson, 435 F.2d 327, 330 (8 Cir.1970). In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), an arraignment under Alabama law was held to be a critical stage of the proceeding. This holding turned on the fact that under Alabama law a defendant could be prejudiced by failing to raise certain defenses at the arraignment. Here there is no waiver of defenses and no similar claim of prejudice. Where a state procedure involves a critical phase of a criminal case, the burden of demonstrating the absence of prejudice is shifted to the state. See Harris v. Wainwright, 406 F.2d 1 (5 Cir.1969). Thus, the absence of possible prejudice to the defendant is what really is in balance. Examining the record in this light, we find that the state has overcome any possible showing of prejudice and that the petitioner was not otherwise harmed by the absence of his own counsel at the time of arraignment.

Judgment affirmed.

---

cal stage in a criminal procedure. Counsel is then required when a preliminary hearing is held.

4. Cf. Mo.Sup.Ct.Rule 29.01(a):

"In every criminal prosecution in any court of this State, the accused shall have the right to appear and defend the same in person and by counsel. If any person charged with the commission of a felony appears upon arraignment without counsel, it shall be the duty of the court to advise him of his right to counsel, and of the willingness of the court to appoint counsel to represent him *if he is unable to employ counsel.* If the defendant so requests, and if it appears that the defendant is unable to employ counsel, it shall be the duty of the court to appoint counsel to represent him." (Emphasis ours.)

See also Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 1291, 2 L.Ed.2d 1448 (1958):

"That right, secured in state prosecutions by the Fourteenth Amendment guaranty of due process, includes not only the right to have an attorney appointed by the State in certain cases, but also the right of an accused to 'a fair opportunity to secure counsel of his own choice.' Powell v. Alabama, 287 U.S. 45, 53 [53 S.Ct. 55, 58, 77 L.Ed. 158] (1932) ; Chandler v. Fretag, 348 U.S. 3 [75 S.Ct. 1, 99 L.Ed. 4] (1954)."

5. In Missouri a defense is not waived by failure to raise it at the arraignment. All defenses may be raised any time before trial. Mo.Sup.Ct.Rule 25.06.