**Albert William SCHLEICHER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56508.**

Supreme Court of Missouri,
En Banc.

July 17, 1972.

Earl Susman, Leonard Komen, Susman, Willer, Rimmel & Elbert, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Presiding Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court, made after an evidentiary hearing, overruling his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M.R.

At a trial by jury defendant was convicted of burglary, second degree, and stealing and was sentenced by the court (under § 556.280, V.A.M.S.) to four years' imprisonment for the burglary and four years for the stealing, the sentences to run consecutively. He appealed and this court affirmed. State v. Schleicher, Mo.Sup., 442 S.W.2d 19.

The motion to vacate alleges as its sole ground that "illegal and inadmissible evidence (fingerprints) were introduced into evidence at trial in violation of Article I, § 15, Missouri Constitution, and Fourth Amendment." A brief statement of facts will suffice. On November 16, 1966, a burglary occurred at the residence of Joseph Stelman in St. Louis. The police lifted fingerprints from a plastic tray and they were placed in the latent fingerprint file. There is a conflict in the evidence

concerning the exact time of defendant's arrest. However, there is evidence to support the trial court's finding that he was arrested on February 3, 1967, upon suspicion that he had burglarized Jack's Lounge in St. Louis. On February 4, 1967, he was again arrested (while still in custody) upon a fugitive warrant for a burglary in St. Louis County. He was processed and fingerprinted. Later that day it was discovered that defendant's prints matched those found at the Stelman home and he was charged with that burglary. At the trial the fingerprint evidence was the only evidence which connected defendant with the offense. No motion to suppress the fingerprint evidence was filed, no objection was made to it at the trial, and it was not mentioned in the motion for new trial or on appeal.

As indicated, defendant seeks to vacate the judgment of conviction on the contention that his fingerprints were inadmissible and the admission thereof violated the constitutional provisions cited. Defendant says that his arrest was illegal because there was no warrant nor probable cause and hence his fingerprints should have been excluded. He cites Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed. 2d 676, and Bynum v. United States, 104 U.S.App.D.C. 368, 262 F.2d 465, which appear to support the view that the Fourth Amendment would preclude the admission of fingerprints which were the product of a defendant's unlawful detention.

■ We have the view that we need not determine the issue concerning the validity of defendant's arrest. This for the reason that we agree with the finding of the trial court that "movant has waived the right to raise at this time any question pertaining to his arrest and 'booking' by failure to properly raise and preserve the point by pre-trial motion, trial objection, motion for new trial, or on original appeal. The case of Bynum v. United States, supra, was decided December 15, 1958, and the principle was not novel at the time of movant's trial in September 1967. Unless raised by pre-trial motion the same cannot be the subject of a collateral attack under Rule 27.26, State v. Caffey, Mo., 457 S.W.2d 657; Collins v. State, Mo., 454 S.W.2d 917."

In State v. Caffey, Mo.Sup., 457 S.W.2d 657, at 659, we stated that "a claim of illegal search and seizure is not such a matter as may be raised in a collateral attack upon a judgment of conviction. State v. Holland, Mo.Sup., 412 S.W.2d 184. * * * 'Not only must defendant file a motion to suppress the controverted evidence, but he has the burden of presenting evidence to sustain his contentions.' * * * He must also keep the question alive by timely objection, State v. Tunnell, 302 Mo. 433, 259 S.W. 128; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, and by preservation of the issue in a motion for new trial." The issue relating to fingerprint evidence is analogous to search and seizure and the contention of its inadmissibility in this case is based on the constitutional provisions prohibiting unreasonable searches and seizures.

■ Defendant seeks to avoid a ruling that he has waived the right to question the admissibility of the evidence by asserting that he was deprived of his constitutional right to effective assistance of counsel by failure of his trial counsel to object to its admission. This contention cannot be considered because it is mentioned for the first time on this appeal. There was no allegation relating to it in the motion, no evidence concerning it and, of course, no finding by the trial court upon that point.

Finally, defendant requests that we review the question concerning the admissibility of his fingerprints under S.Ct. Rule 27.20(c). We reject that request because we are not convinced that this presents a question involving "plain error" which has resulted in "manifest injustice."

Judgment affirmed.

PER CURIAM.

The foregoing opinion by HOLMAN, J., is adopted as the opinion of the Court En Banc.

DONNELLY, MORGAN, HOLMAN and HENLEY, JJ., concur; FINCH, C. J., concurs in separate concurring opinion filed; BARDGETT, J., concurs in result and concurs in separate concurring opinion of FINCH, C. J.; SEILER, J., dissents in separate dissenting opinion filed.

FINCH, Chief Justice (concurring).

I concur in the affirmance of the judgment on the basis that the detailed findings of fact, conclusions of law and judgment of the trial court are not clearly erroneous. S.Ct. Rule 27.26(j), V.A.M.R.

SEILER, Judge (dissenting).

I respectfully dissent. I am unable to concur in the proposition that a claim of illegal search and seizure is not a matter which may be raised in a collateral attack upon a judgment of conviction.

Despite the fact that rule 27.26 provides that a motion to vacate may be filed by a prisoner ". . . claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution . . . of . . . the United States . . ." and that ". . . trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal", our divisional decisions have written Fourth Amendment claims out of rule 27.26. If the defendant does not file a motion to suppress and follow it with appropriate motions and objections, he is held to have waived the point. If he files the proper motions and objections but loses on appeal, he is foreclosed because he is then said to be using 27.26 as a second

appeal. It is true many early Missouri decisions took the view the only way to reach an illegal search and seizure was by motion to suppress and this view has been carried forward into our application of rule 27.26, even after its revision in 1967, but I do not believe it is tenable in view of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The basic question is, who is going to hear federal constitutional search and seizure questions arising from Missouri state convictions? Our divisional position is that it is to be done by the federal courts, Fields v. State (Mo.Sup.) 468 S.W.2d 31. This leads to conflicts and does not promote finality. If there is a defect in our state proceedings, it seems to me we should handle it, rather than turning it over to the federal courts. A defendant cannot constitutionally be convicted on evidence obtained in violation of the Fourth Amendment, Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227; Townsend v. Sain, supra, and we accomplish little by declining to meet the issue, particularly in a case where there is no evidence of any abuse of process by the defendant.

This is the view adopted in the Standards Relating to Post-Conviction Remedies of the American Bar Association Project on Minimum Standards for Criminal Justice. See 2.1(a) (ii), dealing with grounds for relief, and 6.1(b) dealing with waiver.

I would reverse and remand this case for a full evidentiary hearing on the legality of the arrest which was made of defendant on what is stated in the record to be a request from a police department in a nearby municipality, but with no evidence as to the basis for the request. The legality of the arrest which produced the finger prints on which the conviction rests has not yet been gone into in any court.