Marvin Jack JONES, Jr.,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10628.

Missouri Court of Appeals,
Southern District,
Division Two.

April 8, 1980.

Motion for Rehearing or to Transfer to
Supreme Court Denied April 29, 1980.

Scott B. Stinson, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Movant Marvin Jack Jones, Jr. was convicted in the Circuit Court of Greene County of the crime of First Degree Murder, and thereafter sentenced by the trial court to life imprisonment. The trial court's judgment and sentence was affirmed by this court in *State v. Jones*, 518 S.W.2d 304 (Mo.App.1975). The evidence is summarized at some length in that case, and need not be repeated here.

Movant then filed a motion to vacate judgment and sentence, pursuant to Rule 27.26, V.A.M.R.[1] After an evidentiary hearing, the trial court overruled the motion. This appeal followed.

Movant raises two points on appeal, the first being "The overwhelming evidence of record indicates that appellant did not in fact understand the meaning and import of his *Miranda* rights, that a 'knowing and intelligent' waiver thereof was not made, that his pretrial statements to police were not 'voluntary', but on the contrary made under conditions of extreme pressure, and therefore admission of post arrest and inculpatory statements made by appellant to police, constituted plain error, and a violation of appellant's constitutional right to counsel and his privilege against self-incrimination."

■ Movant's point does not state "wherein and why" the trial judge erred in reference to the arguments raised. The point has not been preserved for review. Rule 84.04(d); *Warren v. State*, 572 S.W.2d 874, 876 (Mo.App.1978). We have reviewed the record for plain error under Rule 84.-13(c) and find no manifest injustice or miscarriage of justice by reason of any ruling or finding by the trial court. Appellate review of a 27.26 action is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Schleicher v. State*, 483 S.W.2d 393, 394 (Mo. banc 1972), (Finch, C. J., concurring); *Dill v. State*, 525 S.W.2d 437, 439 (Mo.App.1975).

■ Movant's claim that he did not make a knowing and intelligent waiver of his *Miranda* rights was not raised by motion or objection at his trial, or on direct appeal. The alleged erroneous admission into evidence of movant's statements to police that he "guessed" that he had killed Edna Rose, and that he wanted to plead guilty to the

1. All references to Rules are to Mo.Rules of Court, V.A.M.R.

crime was, at most, a claimed trial error which could only be raised on direct appeal, and not in a 27.26 motion. *Lewis v. State*, 501 S.W.2d 20, 23–24 (Mo.1973). The claim was waived. *Schleicher v. State*, 483 S.W.2d at 394. See also *Schleicher v. Wyrick*, 529 F.2d 906 (8th Cir. 1976), a habeas corpus sequel to *Schleicher v. State*, where the federal court did not find the Missouri waiver rule to be unconstitutional, and implicitly supported the rule by refusing the writ.

■ Movant's claim that his pretrial statements to the police were made under conditions of extreme pressure is totally devoid of record support. There was no evidence that he was subjected to pressure of any nature whatsoever by the police.

■ It is clear that the judgment of the trial court on this point was not clearly erroneous. The trial judge had the right to reject movant's self-serving and unsupported claim, made at the motion hearing, that he did not understand the *Miranda* warnings that were given him on at least three occasions before he made the damaging admissions.

■ The credibility of the witnesses at the motion hearing was a matter for the trial judge, who was at liberty to reject movant's testimony, even if uncontradicted, in view of movant's obvious self-interest as a witness. *Williams v. State*, 530 S.W.2d 740, 742 (Mo.App.1975). The point is denied.

In his remaining point, movant asserts ineffective assistance of counsel in that his trial counsel failed to move for suppression, or object to the admission into evidence of the inculpatory post-arrest statements of movant, in that movant could not read the waiver form he had signed, had a third grade education, was mentally "slow", suffered blackouts, had a "severe headache" at the time of interrogation, and testified that he had not in fact understood his *Miranda* rights and did not realize that his statements could be used at trial. He states that

the trial court's findings of fact and conclusions of law, in regard to the ineffective assistance of counsel issue, are clearly erroneous.

■ The standard for determining that a defendant has been denied effective assistance of counsel is whether the effort (or lack of it) and conduct of counsel so prejudiced defendant that he was denied a fair trial. *Arnold v. State*, 545 S.W.2d 682, 683 (Mo.App.1976).[2]

■ Movant assumes a "heavy burden" in attempting to establish ineffective assistance of counsel. *Parton v. State*, 545 S.W.2d 338, 341 (Mo.App.1976); *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974). Counsel has broad latitude in conducting the defense, and is entitled to use his best judgment in matters of trial strategy. *Haynes v. State*, 534 S.W.2d 552, 554 (Mo.App.1976). The record clearly indicates that during pretrial investigation, trial counsel inquired into his client's mental condition, plus defendant's understanding of the *Miranda* warnings, and his waiver of them. Counsel determined that the voluntariness of the statements was not a valid issue, and did not challenge the admissions on trial. This was clearly a trial strategy decision, and does not constitute grounds for finding here that he rendered ineffective assistance of counsel. *Tucker v. State*, 481 S.W.2d 10, 15 (Mo.1972).

■ The trial court's findings of fact and conclusion of law that movant received effective assistance of counsel at the trial level on all issues raised here was not clearly erroneous and was supported by substantial, competent evidence. The point is denied.

The judgment of the trial court is affirmed.

All concur.

---

**2.** The test used in *Arnold* has been somewhat modified by *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), but *Seales* is prospective only, and does not apply here.