**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Willie L. HARDIMAN, Defendant–
Appellant,**

**and**

**Willie L. Hardiman, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 19915, 21154.

Missouri Court of Appeals,
Southern District,
Division Two.

April 18, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

A jury found Willie L. Hardiman (defendant) guilty of trafficking drugs in the second degree, a class A felony. § 195.223.3(2), RSMo Supp.1993. Following sentencing and incarceration defendant filed a pro se motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion was denied after an evidentiary hearing.

Defendant appeals the judgment of conviction in his criminal case (No. 19915) and the order denying his Rule 29.15 motion (No. 21154). The appeals were consolidated in accordance with Rule 29.15(*l*) as it existed on the date defendant's Rule 29.15 motion was filed. *See* Rule 29.15(m). This court affirms.

Defendant met Albert Davis in Terre Haute, Indiana. About a month later defendant asked Davis to take him to Memphis, Tennessee, to purchase drugs. Davis understood that he would get "[a]bout $800.00 worth of drugs" for taking defendant to Memphis and back.

Defendant and Davis left Terre Haute during the early morning hours of February 19, 1994. While in Memphis defendant purchased drugs for about $3,000. He and Davis headed back to Terre Haute. They were travelling through Scott City, Missouri, on I-55 when their car was stopped by Scott City police officer John Blakeley, Jr., for an equipment violation. Davis was driving the car. Defendant was in the front passenger seat.

Davis did not have the registration for the car he was driving or proof of insurance for the vehicle. He told Officer Blakeley the car belonged to his girlfriend, Rebecca Sales. Officer Blakeley asked Davis to step out of the car. He conducted a patdown search of his clothing for weapons, then asked him to sit in the patrol car. Officer Blakeley asked for permission to search the car. Davis consented.

Defendant was told to get out of the vehicle and step to the rear with another police officer who accompanied Officer Blakeley. Officer Blakeley searched the car. He found a small blue bag beneath the front passenger seat. He explained, "I unzipped the bag, and inside it I found four smaller bags of—plastic bags with what was believed to be rock cocaine." The contents of the bag was later determined to be crack cocaine.

Defendant's Point I is directed to the appeal of the judgment of conviction in his criminal case. Point I alleges the trial court erred in overruling defendant's objection to the admission of the cocaine into evidence because "Officer John Blakeley exceeded the scope of Albert Davis' consent to search the car when he opened the blue bag found under the seat."

The admissibility of evidence seized as a result of a search and the procedure required to challenge such evidence is explained in *State v. Fields,* 442 S.W.2d 30, 33 (Mo.1969):

> It has long been the rule in this state that evidence obtained by means of an unlawful search and seizure by police officers is not admissible against the person searched, or whose property is searched, where timely objection to the use of such evidence is made. *State v. Cuezze,* Mo., 249 S.W.2d 373 [1952]; *State v. Holt,* Mo., 415 S.W.2d 761 [1967]. The procedural rules of this state, ... require that the contention of an unlawful search and sei-

zure be made by motion to suppress the evidence in advance of trial. *State v. O'Brien*, Mo., 252 S.W.2d 357 [1952], certiorari denied, 345 U.S. 929, 73 S.Ct. 790, 97 L.Ed. 1359; *State v. Lord*, Mo., 286 S.W.2d 737 [1956]; *State v. Holt*, supra. The validity of a search and the admissibility in evidence of the fruits of that search present issues collateral to the issue of guilt which are to be tried independently, *State v. Dalton*, Mo., 23 S.W.2d 1 [1929], and "Not only must defendant file a motion to suppress the controverted evidence, but he has the burden of presenting evidence to sustain his contentions." *State v. Holt*, supra, 415 S.W.2d at p. 764; Supreme Court Rule 33.03(a)(5), V.A.M.R.; *State v. Jonas*, Mo., 260 S.W.2d 3 [1953]. He must also keep the question alive by timely objection, *State v. Tunnell*, 302 Mo. 433, 259 S.W. 128 [banc 1924]; *State v. Hepperman*, 349 Mo. 681, 162 S.W.2d 878 [1942], and by preservation of the issue in a motion for new trial. *State v. Lord*, supra. The only exception under our procedural rule is where the defendant "had no reason to anticipate the evidence would be introduced and was surprised." *State v. O'Brien*, supra, 252 S.W.2d at p. 359. *See* § 542.296.1 -.3, RSMo 1986, and Rule 34.01. *See also State v. Anderson*, 698 S.W.2d 849, 851 (Mo. banc 1985); *State v. Douthit*, 846 S.W.2d 761, 763 (Mo.App.1993).

■■■ Defendant filed no motion to suppress evidence. Defendant's trial attorney objected when the evidence was offered at trial and asserted in defendant's motion for new trial that the trial court erred in "not granting" the objection.[1] There having been no formal motion to suppress evidence filed, no question concerning the validity of the search and seizure of evidence was preserved for appellate review. This court, nevertheless, gratuitously reviewed the record on appeal, as permitted by Rule 30.20, with respect to the admission into evidence of the items about which Point I complains. That

review disclosed no manifest injustice or miscarriage of justice. Point I is denied.

Point II is directed to the appeal of the order denying defendant's Rule 29.15 motion. It asserts the motion court erred in denying the motion because defendant was denied effective assistance of counsel. Defendant contends his trial counsel was deficient in cross-examining Albert Davis, who testified on behalf of the state, in that Davis was not cross-examined concerning "inconsistencies between his testimony and the videotaped statement he gave to police officers." Defendant argues that had Davis been cross-examined in that regard, "there is a reasonable probability that the jury would have believed [defendant's] version of events that the cocaine belonged to Davis, and [defendant] would have been acquitted."

Defendant's trial attorney undertook to discredit the testimony of Albert Davis on cross-examination by eliciting testimony that Davis smoked crack cocaine the day of his arrest; that, prior to defendant's trial, Davis pleaded guilty to possessing cocaine and part of the negotiated plea agreement pursuant to which Davis pleaded guilty was that he would testify against defendant. Davis testified on cross-examination that the terms of his negotiated plea agreement included that his criminal charge would be reduced from trafficking drugs to possession of cocaine. He acknowledged that he admitted possessing the cocaine found in the car; that he had given a videotaped statement to the police in which he expressed concern that they understood his girlfriend, whose car he was driving, was not involved. He acknowledged that he told police he was involved as "merely the driver, the means of transportation." He was asked the following questions and gave the following answers:

> Q. Now, Mr. Davis, not only yourself, through your lowered charge, but your girlfriend have benefitted here today from

---

1. Defendant's motion for new trial characterized his trial attorney's statement in opposition to the admission of the rock cocaine and the blue bag in which it was found as "Defendant's oral motion to suppress and Defendant's objection to the introduction into evidence of State's exhibits 1 and 2." The record on appeal does not refer to an "oral motion to suppress" anywhere other than the statement in the motion for new trial. Regardless, § 542.296.2, RSMo 1986, states, "The motion to suppress shall be in writing."

your testimony against Mr. Davis (sic). Is that correct?

A. What now?

Q. Let me repeat that, Mr. Davis. Not only yourself, through your lowered charge and the presentence investigation and your chance for a probation or a much lesser jail sentence, but your girlfriend, by not having her car seized, having been used in the transportation of drugs, have benefitted by your testimony here today.

A. Yes.

On redirect examination, Davis testified he did not know the reason his girlfriend's car was not seized was that he had given a statement to police; that he had nothing to do with the car being released to its owner. He again acknowledged his involvement in the transaction that led to his and defendant's arrest.

Defendant complains that his trial attorney was deficient in not examining Davis concerning other inconsistencies between his testimony and the videotaped statement he gave police. Davis testified that he and defendant drove around residential neighborhoods in the suburbs of Memphis, that he did not know how defendant arranged to purchase the drugs other than by "telephone conversations or something." In the videotaped statement, Davis said defendant made calls on a cellular phone to set up the drug purchase and that defendant had an address book. Davis was not asked about these matters on cross-examination.

■ To show ineffective assistance of counsel, a defendant must demonstrate that his trial counsel's performance failed to conform to the degree of skill, care and diligence of a reasonable competent attorney and that defendant was thereby prejudiced. *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc), *cert. denied*, — U.S. —, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Prejudice results if there is a reasonable probability that, but for counsel's errors, the result in a defendant's criminal trial would have been different. *Tokar*, 918 S.W.2d at 761; *State v. Newson*, 898 S.W.2d 710, 717 (Mo.App.1995). Matters of

trial strategy are virtually unchallengeable. *Tokar, supra.*

■ The motion court found:

[Defendant's] first point addresses trial counsel's failure to cross examine the State's witness and codefendant, Albert Davis about alleged inconsistencies in a video statement. Although the Court finds that there was variation in witness Davis' testimony that trial counsel did inquire of Mr. Davis regarding a videotaped statement he made to police. In order to prevail on this claim of ineffective assistance of counsel, the [defendant] must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and second, [defendant] must show that he was thereby prejudiced. There is strong presumption that the attorney's conduct was proper. *Leisure v. State* 828 S.W.2d 872, 874[2] (Mo. banc 1992). Defense counsel was able to illicit [sic] information through cross examination of Mr. Davis that he, the State's chief witness had, in fact, smoked crack cocaine several hours before the arrest. It is apparent that the jury chose to believe the statement of witness Davis and disbelieve testimony of [defendant] Hardiman.

■ This court's review of the denial of a post-conviction motion is limited to determining whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if the appellate court is left with the definite and firm impression that a mistake has been made after reviewing the entire record. *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992). "Subjects covered and the extent of cross-examination are matters of trial strategy and must be left to the judgment of counsel." *State v. Anderson*, 862 S.W.2d 425, 439 (Mo.App.1993).

The motion court's findings are not clearly erroneous. This court's review of the record does not leave it with the definite and firm impression that a mistake was made. Point II is denied.

The judgment of conviction in No. 19915 is affirmed. The order in No. 21154 denying defendant's Rule 29.15 motion is affirmed.

CROW, P.J., and SHRUM, J., concur.